UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>)<br>Plaintiff,   )<br>)<br>V.   )<br>)<br>TIMOTHY WAYNE WELLMAN,   )<br>)<br>Defendant.   ) | Criminal No. 5:19-cr-00108-GFVT-MAS<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on multiple motions from Defendant Timothy Wayne Wellman. [R. 18; R.19; R.22.] First, Mr. Wellman moves this Court to dismiss all counts of the Indictment pending against him. [R. 18.] Mr. Wellman argues the Indictment should be dismissed because the Government has failed to establish a proper federal jurisdictional basis. In a separate motion, Mr. Wellman moves to strike certain portions of Count 1 of the Indictment or, in the alternative, to dismiss Counts 2 through 8 as multiplicitous. [R. 19.] Here, Mr. Wellman argues that five of the six actions that serve as the basis for Count 1 do not relate to actions in an official proceeding, and therefore are not covered by the relevant statute. Mr. Wellman argues alternatively that, if the Court does not strike those portions of Count 1, the seven remaining counts should be dismissed as multiplicitous because they cover the same actions listed in Count 1. For the reasons that follow, Mr. Wellman's Motion to Dismiss the Indictment is **DENIED**. Further, Mr. Wellman's Motion to Strike and alternative Motion to Dismiss Counts 2 through 8 as Multiplicitous are also **DENIED**.

**I**

In June 2019, a federal grand jury returned an Indictment charging Timothy Wayne Wellman with nine separate violations of federal law. [R. 1.] At base, the Indictment alleges

Mr. Wellman conspired to make illegal contributions to members of the Lexington, Kentucky City Council and then, when faced with a federal grand jury investigation, engaged in conduct to conceal, and prompted others to conceal, these illegal contributions. *Id.* Under Count 1, Mr. Wellman was charged with corruptly obstructing and impeding, and attempting to obstruct and impede, an official proceeding, in violation of 18 U.S.C. § 1512(c)(2). *Id.* Under Counts 2 through 8, Mr. Wellman was charged with seven counts of knowingly aiding and abetting and procuring others to make false statements to FBI agents, in violation of 18 U.S.C. § 1001(a). *Id.*

At all times relevant to the actions charged in the Indictment, Mr. Wellman was a stakeholder[1] and employee of CRM Companies, a real estate development and management company in Lexington, Kentucky. [*Id.* at ¶ 1; R. 18-1 at 2.] In 2017, the City of Lexington solicited proposals from real estate developers for the relocation of City offices, and four separate developers, including CRM, submitted proposals. [R. 1 at ¶ 4, 7.] The Mayor appointed a "Mayor's Committee" made up of city employees to consider and rank the proposals. *Id.* at ¶ 4.

In the spring of 2018, while the proposals were being considered, elections were held for seats on the City Council and certain CRM employees donated to the campaigns of two sitting Council members. [R. 1 at ¶ 6; R. 18-1 at 2.] Later, in mid-2018, the Mayor's Committee ranked CRM's proposal for relocation of City offices as the best and recommended the City pursue it. [R. 1 at ¶ 7; R. 18-1 at 2.] A City Council vote on whether to begin negotiations with CRM was scheduled for August 2018 and, concomitantly, various Council members made public statements either in support of or opposition to the CRM proposal. [R. 1 at ¶ 7.] In the aftermath of this selection process, the Federal Bureau of Investigation initiated a federal grand jury

---

[1] In his motion to dismiss, Mr. Wellman makes clear that, contrary to what was stated in the Indictment [R. 1 at ¶ 1], he "is not an owner of CRM, and he had no equity interest in the proposal." [R. 18-1 at 2].

investigation into allegations that the campaign contributions made by CRM employees to the two Council members were made as part of a "straw contribution" scheme for the ultimate purpose of improperly influencing votes regarding CRM's proposal for relocation. [R. 1 at ¶ 9; R. 18-1 at 2.] Mr. Wellman's alleged illegal conduct arose in the course of this federal grand jury investigation. [R. 1.]

## II

A federal criminal defendant in the United States is generally charged by way of an indictment returned by a grand jury. An indictment must set forth the elements of the offense charged, thereby giving notice to a defendant of the accusations he must face. A defendant may challenge an indictment on an alleged defect and move to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b). As relevant here, Rule 12(b)(3)(B)(v) provides that a defendant may raise a pretrial motion to dismiss on the basis that the indictment fails to state an offense. When ruling on a motion to dismiss an indictment, the Court accepts the factual allegations within the indictment as true, and determines only whether it is valid on its face. *See United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007). To be valid on its face, "the indictment must assert facts which in law constitute an offense[,] and which, if proved, would establish prima facie the defendant's commission of that crime." *United States v. Superior Growers Supply, Inc*., 982 F.2d 173, 177 (6th Cir. 1992) (citations omitted).

### A

#### 1

The threshold issue in this case is whether there was a sufficient jurisdictional basis for the federal grand jury investigation which led to the Indictment against Mr. Wellman. In the Indictment, the Government cites to 18 U.S.C. § 666 and the need to investigate the possible

misconduct of City Council members as that jurisdictional basis. [R. 1 at ¶ 10.] In relevant part, this statutory section provides that if a local government receives "benefits in excess of $10,000 [per year] under a Federal program," 18 U.S.C. § 666(b), then those who bribe, or attempt to bribe, agents of that local government and those local government agents who participate in bribery are subject to penalty. 18 U.S.C. § 666(a)(1) and (2). It is not disputed that the City of Lexington is a local government entity receiving federal funds within the purview of 18 U.S.C. § 666. [*See* R. 1 at ¶ 10.] Further, as members of the local legislature, Lexington City Council members are "agents" of a "government agency" within the purview of the statute. 18 U.S.C. § 666(d)(1) and (2).

Mr. Wellman does not argue that Lexington City Council members fall outside of the purview of the statute. Instead, Mr. Wellman argues that 18 U.S.C. § 666 provided no basis for the federal investigation itself because the Government was only investigating "state law violations". [R. 18-1 at 3.] In support of this argument, he contends the investigation only related to whether CRM employees broke state campaign laws, pointing to the fact that the Government did not charge any violations of 18 U.S.C. § 666. *Id.*

Mr. Wellman's argument fails to take into account the purpose of the investigation as a whole. The federal investigation was prompted by a concern that City Council members were bribed in order that CRM would be awarded the contract for City office relocation. [R. 1 at ¶ 9.] Such bribery, if proven, is clearly within the purview of 18 U.S.C. § 666(a)(1)(B) and (a)(2). Closely related to this suspected bribery is the alleged "straw contribution" scheme the Government asserts Mr. Wellman engaged in to conceal any bribes made to the City Council members. In other words, the investigation looked into the "straw contribution" scheme because, if substantiated, "the state election straw contribution scheme [was] the mechanism by which the

4

Defendant attempted to conceal or disguise the bribery of the Council members." [R. 20 at 2.] Thus, the alleged false statements made to FBI agents to cover up any straw contribution scheme were material to the federal investigation into possible bribery in violation 18 U.S.C. § 666.

Mr. Wellman focuses on the fact that the Government did not charge any violations of 18 U.S.C. § 666 itself. [R. 18-1 at 3; R. 23 at 5.] However, Mr. Wellman cites to no authority to support a claim that simply because no charges were ultimately filed pursuant to 18 U.S.C. § 666 that the scope of the investigation was not "federal" in nature. Additionally, there is nothing in the record to indicate that the § 666 investigation was mere pretext in order that the Government may ultimately charge under different statutes. As a matter of logic, charges under §§ 1512(c) and 1001(a) naturally arise where an investigation or official proceeding is underway regarding other matters, such as an investigation into bribery. *See, e.g., United States v. Aguilar*, 242 F. App'x 239, 241 (5th Cir. 2007) (affirming convictions for violations of both 18 U.S.C. § 1512 and 18 U.S.C. § 1001 that arose in the course of a grand jury investigation into possible civil rights violations). The jurisdictional basis for the investigation itself was proper.

**2**

This established, the next question is whether the jurisdictional requirements of 18 U.S.C. § 1001(a) and 18 U.S.C. § 1512(c)(2), the statutes under which Mr. Wellman is charged, are met. Section 1001(a) prohibits the making of false statements "in any matter within the jurisdiction of the executive, legislative, or judicial branch . . . ." To establish jurisdiction under § 1001(a) "the information received must be directly related to an authorized function of the federal agency. Otherwise the scope of section 1001 jurisdiction would be virtually limitless." *United States v. Facchini*, 874 F.2d 638, 641 (9th Cir. 1989) (*en banc*). Given that the FBI was investigating possible *federal* crimes under 18 U.S.C. § 666, the jurisdictional requirement of § 1001(a) is met.

Mr. Wellman's alleged false statements were made to federal agents in the context of a federal investigation into potential federal crimes. As stated by the U.S. Supreme Court when construing § 1001, "[a] criminal investigation surely falls within the meaning of 'any matter,' and the FBI and the Secret Service equally surely qualify as 'department[s] or agenc[ies] of the United States.'" *United States v. Rodgers*, 466 U.S. 475, 479 (1984). Any reliance by Mr. Wellman on case law related to § 1001 in the context of false statements made to *state* agencies, [*see* R. 18-1 at 8; R. 23 at 3-4], is misplaced.

Mr. Wellman is also charged under 18 U.S.C. § 1512(c)(2) which prohibits tampering with witnesses or otherwise obstructing or impeding an official proceeding. In support of his argument to dismiss this Count, Mr. Wellman continues to argue that because the "straw contribution" allegations were the focus of the investigation, not the bribery itself, any alleged false statements could not serve as the basis for federal law violations. [R. 18-1 at 12.] This Court has already concluded above that the federal investigation that led to the § 1512(c) charge against Mr. Wellman was properly investigating suspected federal crimes. All that remains to be determined is whether § 1512(c)(2) applies to the alleged misconduct as set forth in the Indictment.

As defined by 18 U.S.C. § 1515(a)(1)(a), the term "official proceeding" in the context of § 1512(c)(2) includes "a proceeding before . . . a Federal grand jury." Further, it is well established that obstruction of a federal grand jury investigation is sufficient to trigger a violation of § 1512(c)(2).[2] *See, e.g., United States v. Kelley*, 459 F. App'x 527, 530 (6th Cir. 2012); *United States v. Burns*, 298 F.3d 523, 539-40 (6th Cir. 2002). Therefore, given the legitimacy of

---

[2] Mr. Wellman acknowledges that a federal grand jury investigation, if properly brought, is an "official proceeding" within the meaning of § 1515(a) and § 1512(c)(2). [*See* R. 19-1 at 4 fn. 1.]

the grand jury investigation, Mr. Wellman's alleged attempts to obstruct and impede that official proceeding were properly charged under § 1512(c)(2).

## B

In a separate motion, Mr. Wellman moves to strike certain portions of Count 1 of the Indictment. [R. 19.] As noted above, this count charges Mr. Wellman with a violation of 18 U.S.C. § 1512(c)(2) for allegedly obstructing or impeding an official proceeding, here a federal grand jury investigation. [R. 1 at ¶ 15.] The Indictment lists six acts that serve as the alleged factual bases for Count 1. *Id.* Mr. Wellman argues that five of these allegations included under this count should be stricken as they only concern "conduct related to out-of-court interviews with the FBI," which, unlike grand jury proceedings, "are not official proceedings." [R. 19-1 at 4.] As such, he argues, these offending portions are irrelevant to any alleged violation of 18 U.S.C. § 1512(c)(2) which criminalizes solely misconduct related to official proceedings.

### 1

Mr. Wellman moves to strike these portions of the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), which "provides for dismissal where the complaint fails to state an offense." [R. 19-1 at 2.] However, the present motion does not contend that the facts alleged under Count 1 fail entirely to state an offense such that dismissal under Rule 12(b) is proper. Instead, Mr. Wellman is only asking the Court to strike certain portions of Count 1 as irrelevant in the context of any alleged violation of 18 U.S.C. § 1512(c)(2). *Id.* at 4-6 ("[T]he Court should strike the portions of Count 1 of the Indictment . . . that do not relate to the grand jury proceedings."). Indeed, even if this motion were granted in its entirety, one of the allegations that serves as the factual basis for Count 1 would remain. *See id.* at 2. Mr. Wellman's present motion is therefore more properly addressed as a motion to strike pursuant to

7

Federal Rule of Criminal Procedure 7(d), which provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." *See also United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974) ("Rule [7(d)] is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors.").

A motion to strike irrelevant or nonessential allegations in an indictment "should be granted only where it is clear that the allegations are not relevant to the criminal charges and where they contain inflammatory and prejudicial matter." *United States v. Garton*, Crim. No. 3:08-CR-31-JMH, 2009 WL 1424429, at *2 (E.D. Ky. May 21, 2009). The determinative question in the Rule 7(d) context is "not the potential prejudice, but rather the relevance of the allegation to the crime charged in the indictment." *Id.* (quoting *United States v. Jiminez*, 824 F. Supp 351, 370 (S.D.N.Y. 1993) (internal citations omitted)). If an allegation "in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage . . . provided, of course, it is legally relevant[]." *United States v. Thomas*, 875 F.2d 559, 562 (6th Cir. 1989). Notably, the Rule 7(d) standard for striking language in an indictment "has been strictly construed against striking surplusage . . .." *Kemper*, 503 F.2d at 329.

## 2

As summarized in his motion to strike, Mr. Wellman is alleged to have committed the six following acts in violation of § 1512(c)(2):

> (a) Making "requests and suggestions" that witnesses give false stories to investigators; (b) Suggesting a false story to witnesses to give to investigators; (c) Creating false documents that witnesses could provide to investigators or the grand jury; (d) Asking witnesses to write checks to support statements to investigators; (e) Asking a witness to sign a statement contradicting his statement

to investigators; and (f) Suggesting to witnesses that they testify falsely in the grand jury.

[R. 19-1 at 2; *see also* R. 1 at ¶ 15.] Mr. Wellman contends that of the above allegations only clause (f), "suggesting to witnesses that they testify falsely in the grand jury," relates to the grand jury proceedings and that the other allegations only "contain conduct related to out-of-court interviews with the FBI . . . ." [R. 19-1 at 4.] Therefore, he argues, the remaining allegations in clauses (a) through (e) should be stricken from the Indictment as they do not relate to the official proceeding at issue. *Id.* The Government agrees with Mr. Wellman that an FBI investigation is not an official proceeding for purposes of § 1512(c)(2) but maintains that each of the allegations in the Indictment ultimately relate to obstruction of the federal grand jury investigation. [*See* R. 21 at 2.] The only issue to be decided then is whether these allegations relate to an official proceeding, here the grand jury investigation, or whether, as argued by Mr. Wellman [R. 19-1 at 4], they are solely related to the FBI investigation.

In order to determine whether the allegations are "relevant to the criminal charge[],"*Garton*, 2009 WL 1424429, at *2, as required by Rule 7(d), it is necessary to consider what elements the Government must include in the Indictment to adequately allege a violation of § 1512(c)(2). Based upon the statutory language, it is enough that the Indictment alleges the following elements of obstructing justice: that Wellman (1) corruptly (2) obstructed or impeded, or attempted to obstruct or impede, an official proceeding by providing false statements. *See* 18 U.S.C. § 1512(c)(2). Put differently, the Government need only "plainly charge the defendant with conduct that bears a relationship in time, causation, or logic to an official proceeding, as that term is . . .

defined in § 1515(a)(1)(c)."[3] *See United States v. Kumar,* No. 04–CR–846, 2006 U.S. Dist. LEXIS 96142, at *14 (E.D.N.Y. Feb. 21, 2006) (internal quotations and citations omitted).

As a preliminary matter, the allegation in clause (c), that Mr. Wellman created false documents witnesses could provide to investigators or the *grand jury*, expressly describes the apparent relationship to the grand jury proceeding. [R. 1 at ¶ 15.] Mr. Wellman is alleged to have created fake documents for use in grand jury proceedings. The logical connection here is clear—the natural and probable effect of such an action is impairment of the grand jury investigation. As such, this allegation is relevant as it concerns the charge of obstruction of the grand jury proceeding.

The four remaining allegations in clauses (a), (b), (d), and (e) of the Indictment do not expressly state how each allegation is related to the anticipated grand jury proceeding. However, the Government points out that for each of the allegations under Count 1, "the Indictment clearly alleges that all of these actions were designed to ultimately deceive the grand jury, even if they also deceived the FBI in the process." [R. 20 at 2-3.] Indeed, Paragraph 15 of the Indictment expressly states that Count 1 is based on Mr. Wellman's alleged obstruction of "an official proceeding, that is a Federal grand jury investigation, in that he engaged in a course of conduct that included . . . the following . . . ." [R. 1 at ¶ 15.] The remainder of the paragraph goes on to list the allegations summarized in clauses (a) through (e) above. *Id.*

---

[3] Whether the Government can ultimately prove the requisite connection existed between the alleged obstructive conduct and the official proceeding are clearly fact-based determinations reserved to a jury, not questions of law capable of pretrial adjudication. *See, e.g., United States v. Ring*, 628 F. Supp. 2d 195, 223-24 (D.D.C. 2009). At the present stage, the Court weighs the sufficiency of the pleadings, not the sufficiency of the proof. *See Costello v. United States*, 350 U.S. 359, 362–63 (1956).

Obstruction of a grand jury investigation can occur in an indirect fashion. Treating the allegations as true, is apparent the four remaining allegations may "bear[] a relationship in time, causation, or logic" to the grand jury investigation and are therefore properly included in the Indictment. *Kumar*, 2006 U.S. Dist. LEXIS 96142, at *14. Take, for example, the allegation in clause (e) of Paragraph 15, that Mr. Wellman "asked a straw contributor who had already admitted being such to investigators to sign a contradictory and false statement, stating that the reimbursement check was a loan from [Mr.] Wellman . . . ." [R. 1 at ¶ 15.] Logically, a statement mischaracterizing the purpose of a reimbursement check can materially impact a grand jury's determination of whether there was enough evidence to bring criminal charges for bribery. The natural and probable effect of deception in the context of an investigation, of course, is that the investigators are misled, and the grand jury investigation, which relies on findings of these investigators, is impeded.

As noted previously, whether the Government can ultimately prove at trial that the requisite connection existed between the alleged obstructive conduct and the official proceeding is not a question presently before the Court. At the present stage, the Court simply assesses the sufficiency of the Indictment on its face. *See Costello v. United States*, 350 U.S. 359, 362–63 (1956). To the extent Mr. Wellman asks the Court to inquire further into whether the alleged actions did in fact obstruct the grand jury investigation [*see* R. 24 at 2-3], it is an improper attempt to have this Court determine the facts of the case. *Universal Milk Bottle Service v. United States*, 188 F.2d 959, 962 (6th Cir. 1951). At the very least, when considering the Rule 7(d) standard, the allegations

included in clauses (a) through (e) are not "clearly irrelevant" as it relates to any charged violation of § 1512(c)(2).

C

Having concluded that clauses (a) through (e) of Count 1 should not be stricken as irrelevant, the Court now turns to Mr. Wellman's alternative multiplicity argument. Mr. Wellman argues Counts 2 through 8, charging seven violations of 18 U.S.C. § 1001, should be dismissed as multiplicitous because they cover the same actions listed in Count 1, which charges a violation of 18 U.S.C. § 1512(c)(2). [R. 19-1 at 6.] Each of the allegations that serve as the factual basis for Counts 2 through 8 asserts that Mr. Wellman knowingly prompted another individual to make false statements to an FBI agent concerning the alleged "straw contribution scheme."[4]

Multiplicity occurs when an indictment charges a single offense in more than one count. *United States v. Swafford*, 512 F.3d 833, 844 (6th Cir. 2008). While the same conduct can violate multiple statutes, the Fifth Amendment prohibits double prosecution for the same offense. In reviewing allegedly multiplicitous counts, a Court must first determine "whether Congress intended to punish each statutory violation separately." *Id*. (citations and quotations omitted). If that finding is not dispositive, the Court then applies the "same elements" *Blockburger* test which provides that "two offenses are different for purposes of double jeopardy analysis if each requires an element that the other does not." *United States v. Martin*, 95 F.3d 406, 408 (6th Cir. 1996) (citations omitted). The second half of the analysis, from *Blockburger v. United States*, establishes clearly that a single act can violate two separate statutes, and that a defendant can

---

[4] The Court notes that Mr. Wellman is charged under 18 U.S.C. § 1001(a)(2) pursuant to 18 U.S.C. § 2, which provides that whoever "aids, abets, counsels, commands, induces or procures" commission of an offense against the United States "is punishable as a principal."

permissibly be convicted under both statutes without violating double jeopardy principles. *Blockburger,* 284 U.S. 299, 304 (1932).

In line with the above case law, to determine whether the present charges are multiplicitous, a closer analysis of each statutory section is necessary. Section 1512(c)(2) prohibits corruptly obstructing and impeding, or attempting to obstruct and impede, an official proceeding, whereas § 1001(a) prohibits knowingly aiding and abetting and procuring others to make false statements to FBI agents. Nothing in either statue expressly prohibits applying both statutes simultaneously and Mr. Wellman does not argue that Congress prohibits simultaneous application. Instead, he argues that "to prove offenses under either Count 1 or Counts 2 through 8, the Government must show the exact same conduct occurred—Mr. Wellman attempted to influence the testimony of witnesses and have them testify . . . in his favor." [R. 19-1 at 7]. However, application of the *Blockburger* "same elements" test, which Mr. Wellman acknowledges controls, indicates otherwise.

The respective charges under §§ 1001(a)(2) and 1512(c)(2) each require proof of an element that a charge under the other statute does not. For charges under § 1001(a)(2), a jury is required to find a defendant made a false, fictitious, or fraudulent statement or representation; that the specific falsity, fiction, or fraud was in relation to a material fact; and that a defendant had the requisite intent to make such a materially false, fictious, or fraudulent statement. 18 U.S.C. § 1001(a)(2). For charges under § 1512(c)(2), a jury is required to find a defendant obstructed, influenced, or impeded an official proceeding, or attempted to do so; and did so "corruptly." 18 U.S.C. § 1512(c)(2). While both statutes can pertain to false statements, a conviction under § 1512(c)(2) requires a jury to determine that a false statement or other means of obstruction related to an official proceeding, which a conviction under § 1001(a)(2) does not.

13

Similarly, a conviction under § 1001(a)(2) requires a jury to determine the false statement pertained to a material fact, while § 1512(c)(2) contains no materiality element. It is possible, for example, that a jury could find a defendant attempted to obstruct an official proceeding by suggesting to co-conspirators that they make false statements, but that the falsity did not pertain to a material fact. Such a set of facts could lead to a conviction under § 1512(c)(2) but not § 1001(a)(2).

Notably, courts have regularly allowed convictions where the same or related conduct by the same defendant is the basis for charges under §§ 1001(a)(2) and 1512(c)(2). *See, e.g., United States v. Lee*, 919 F.3d 340, 359 (6th Cir. 2019), *petition for cert. filed* (Sept. 26, 2019) (No. 19-6076); *United States v. Aguilar*, 242 F. App'x 239, 241 (5th Cir. 2007). Because these counts charge discrete crimes, the Indictment is not multiplicitous, even if it uses the same or related conduct as the basis for violations of both statutes. *Blockburger*, 284 U.S. at 304.

### III

After considering the arguments presented by the parties and scrutinizing the allegations made by the Government in the Indictment, the Court finds the Indictment is constitutionally sufficient to charge Mr. Wellman with violations of 18 U.S.C. §§ 2, 1001, and 1512. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Dismiss the Indictment [**R. 18**] is **DENIED**;

2. Defendant's Motion to Strike Portions of Count 1 [**R. 19**] is **DENIED**;

3. Defendant's Motion to Dismiss Counts 2 Through 8 as Multiplicitous [**R. 19**] is **DENIED**; and

4. Defendant's Motion for Extension of Time to File a Reply Brief [**R. 22**] is **DENIED** as moot, as the brief was filed within the allotted fourteen days, pursuant to LR 7.1(c).

This the 25th day of November, 2019.

Gregory F. Van Tatenhove
United States District Judge