UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Crim. No. 5:19-cr-00108-GFVT-MAS |
| V. | ) | |
| TIMOTHY WAYNE WELLMAN, | ) | **OPINION** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

No trial is perfect, but every trial must be fair. *Brown v. United States*, 411 U.S. 223, 231 (1973). During trial in this federal case, a state prosecutor in attendance inadvertently revealed the existence of a separate state case against the Defendant while in the presence of certain jurors. In light of this, the Defendant moved for a mistrial. Following a thorough inquiry into the circumstances surrounding the incident to determine any potential prejudice to Defendant, the Court **DENIED** the motion from the bench. This opinion serves to lay out the steps taken by the Court to determine whether the incident possibly resulted in prejudice to the Defendant and, relatedly, supplements the reasons articulated from the bench for ultimately denying the motion for mistrial.

**I**

An Assistant Commonwealth's Attorney for the Commonwealth of Kentucky attended trial in this matter on Wednesday, February 19. When returning from a lunch break, this state prosecutor presented his credentials to a Court Security Officer, who then asked the prosecutor whether he was defense counsel in the case. Unbeknownst to the prosecutor, four jurors were

behind him at the time, waiting to go through security. In response to the CSO's question, the prosecutor stated that he was in fact a prosecutor on a state case against the Defendant.[1] Given the presence of the jurors, the CSOs reported this incident to the Court. None of the four jurors reacted to the remark or notified the Court of the remark. As such, it was unclear whether these jurors heard the remark or recognized it as significant. In line with the Court's usual policy to provide counsel with potentially consequential information received during the course of trial, the Court immediately informed counsel for both parties of the incident. Upon being informed, defense counsel moved for mistrial. The Court took the motion under advisement and allowed the parties to brief the matter overnight.

## II

### A

In the present case, there is no evidence that the Defendant has been prejudiced by the incident at issue. The Court acknowledges that the statement made by the state prosecutor regarding the separate state case, if heard by a juror, could have prejudiced the defendant. *See United States v. Keating*, 147 F.3d 895 (9th Cir. 1998). However, to ensure that no prejudice occurred, the Court, in consultation with the parties, conducted a thorough inquiry into the matter. As noted above, the Court immediately notified the parties of the incident and, after defense counsel moved for a mistrial, took the motion under advisement and continued with trial. At the end of the third day, the Court again discussed the matter at the bench with counsel before releasing the jury. After this discussion, the Court gave its usual end-of-day instruction to the jury to avoid gathering or considering outside information about the case. Additionally, without

---

[1] Defendant correctly notes that the parties agreed before trial that "the state court prosecution would not be referenced in the trial, absent the defense opening the door in its case." [R. 59 at 1–2; *see also* R. 55 at 3.]

2

objection from counsel, the Court also specifically instructed the jury to report to the Court if anyone had heard anything outside of court regarding the case which they believed was possibly inappropriate for a juror to hear. After dismissing the jury, the Court gave the parties an opportunity to brief the issue overnight.

At the beginning of the fourth day of trial, after reviewing the parties' briefing on the issue, the Court again engaged in discussion with counsel on the matter outside the presence of the jury. At that time, defense counsel suggested interviewing the jurors one at a time at the bench to determine if any remembered the incident. The Government agreed with this proposal, and, consequently, the Court decided to pursue this course of action. Importantly, before doing so, the Court discussed in detail with counsel the line of questioning and clarified that counsel was only to listen, not to question the jurors. The Court then questioned each juror (including the two alternates) on the matter, specifically describing the circumstances surrounding the remark to determine whether any juror remembered having heard anything. In questioning the jurors, the Court, of course, was careful not to disclose the subject matter of the remark itself. While one or two jurors remembered seeing the prosecutor go through court security, all stated unequivocally that they heard nothing that he said at the time. Following the questioning, defense counsel did not press the matter further but did request that the Court rule on the motion for mistrial, as opposed to simply withdrawing the motion.

**B**

A mistrial is proper only when a seriously prejudicial error occurs. *United States v. Moore*, 917 F.2d 215, 220 (6th Cir. 1990) (citing *United States v. Dinitz,* 424 U.S. 600, 609–10 (1976). In this context, the Sixth Circuit has noted that "a determination of the fairness to the accused is the primary concern in ruling upon a mistrial motion." *United States v. Atisha*, 804

3

F.2d 920, 926 (6th Cir. 1986). Indeed, "'the single most important factor [in deciding a mistrial motion] is the extent to which the defendant has been prejudiced.'" *United States v. Richmond*, 884 F.2d 581 (6th Cir. 1989) (table decision) (alteration in original) (quoting *United States v. Tarantino,* 846 F.2d 1384, 1413 (D.C. Cir. 1988)).

A mistrial is clearly not proper in these circumstances. Defendant's briefing on the matter, which was submitted prior to the questioning of the jurors, relies heavily on an apparent presumption of prejudice that occurs where a juror is exposed to extrinsic evidence outside of court. [*See* R. 59 at 3 (citing *U.S. v. Ronda*, 455 F.3d 1273, 1299 (11th Cir. 2006).] However, for this presumption to exist such that the Government must rebut it, "the defendant has the burden to show that the jury has been exposed to extrinsic evidence or extrinsic contacts." *Ronda*, 455 F.3d at 1299. Here, given that all of the jurors denied hearing the possibly prejudicial information when asked directly by the Court, the Defendant has not carried this initial burden. *Ronda*, 455 F.3d at 1299 ("Once the defendant establishes that such exposure in fact occurred, prejudice is presumed and the burden shifts to the government to rebut the presumption."). Similarly, any case law cited by Defendant in which jurors admitted to knowing and discussing prejudicial extraneous information is wholly inapplicable in the present circumstances.

### III

The Court does not take lightly the Constitution's guarantee of a criminal defendant's right to trial by an impartial jury. *See United States v. Davis*, 306 F.3d 398, 419 (6th Cir. 2002). And, the statement made by the state prosecutor, if heard by a juror, had the potential to impinge upon that right. However, the Court's thorough inquiry into the matter, completed while in constant consultation with the parties, has put that possibility to rest. There is utterly no

4

evidence that any juror heard or comprehended the state prosecutor's remark and it is unnecessary to consider the matter further.

This the 25th day of February, 2020.

Gregory F. Van Tatenhove
United States District Judge