UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 5:19-cr-00108-GFVT-MAS |
| | ) | |
| V. | ) | |
| | ) | |
| TIMOTHY WAYNE WELLMAN, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court following Defendant's Second Oral Motion for Mistrial. [*See* R. 62.] During the third day of trial in this matter, the Court provided a Government witness an opportunity to speak with her attorney where, midway through her testimony, the Government informed the Court that the witness was at risk of committing perjury. Defense counsel objected to the coercive nature of the witness being told of the Government's position during her testimony. Upon being overruled, the Defendant moved for a mistrial. For the reasons stated below, after taking the motion under advisement and carefully considering the matter, this Court **DENIED** the motion from the bench. This Memorandum Opinion supplements that ruling from the bench.

**I**

On the third day of trial, the Government called Elizabeth Spruengli Stormbringer as a witness. During direct examination, defense counsel asked to approach the bench when the Government questioned Ms. Stormbringer about a conversation with her attorney at the grand jury hearing. The Court also asked Ms. Stormbringer's attorney, Jarrod Beck, who was present

in the courtroom, to approach at this time. During the course of this conversation, the Government informed the Court and Mr. Beck that, based on Ms. Stormbringer's trial testimony to that point and prior grand jury testimony, she was at risk of committing perjury. Mr. Beck then requested that the Court give him an opportunity to speak with Ms. Stormbringer before proceeding any further. Defense counsel objected to allowing the witness this opportunity, contending that it amounted to coercion which would result in Ms. Stormbringer conforming her testimony to the Government's theory of the case. The Court overruled this objection and allowed Ms. Stormbringer an opportunity to speak with her attorney before continuing with her testimony. Defense counsel then made an oral motion for mistrial, which the Court took under advisement.

Upon returning from consultation with her attorney, Ms. Stormbringer informed the Government that she wanted to "correct" her earlier testimony. In further discussion at the bench, defense counsel continued to press for a mistrial, contending that the events that took place as to Ms. Stormbringer amounted to improper coercion. In light of this contention, in the presence of counsel for both sides, the Court asked Ms. Stormbringer's attorney to approach to discuss his interaction with Ms. Stormbringer over the break. Her attorney assured the Court that he was the only one who had spoken with Ms. Stormbringer about the possible perjury issue and that she had no interaction with the Government during the break in testimony. The Court then permitted Ms. Stormbringer to proceed with her testimony. At that time, the Court continued to reserve a ruling on the motion for mistrial and allowed the parties an opportunity to brief the issue.[1]

---

[1] Neither the Defendant nor the Government submitted briefing on the issue.

## II

### A

At a fundamental level, due process requires that criminal defendants have the right to present their version of the facts to the jury, so that "it may decide where the truth lies." *Washington v. Texas*, 388 U.S. 14, 19 (1967). "[T]his right precludes prosecutors and judges from improperly threatening witnesses with a perjury prosecution." *United States v. Stuart*, 507 F.3d 391, 398 (6th Cir. 2007) (citing *Webb v. Texas,* 409 U.S. 95, 97–98 (1972)). To establish that a prosecutor "improperly threatened" a witness, a defendant must present "government conduct which amounts to substantial interference with a witness' free and unhampered determination to testify." *United States v. Foster,* 128 F.3d 949, 953 (6th Cir.1997) (citation omitted). However, merely warning a witness of the consequences of perjury, without more, does not implicate or impinge upon this right. *United States v. Pierce*, 62 F.3d 818, 832 (6th Cir. 1995). In fact, federal law recognizes, in many instances, that the prosecution has an ethical obligation to warn witnesses of the risk that the testimony they are going to give can be used against them. *Id.* (citation omitted).

### B

The only colorable defense argument on the second oral motion would be that the prosecution's conduct in this case, and its subsequent effect on the witness, warranted a mistrial. For a mistrial to be proper in any instance, a seriously prejudicial error must have occurred. *United States v. Moore*, 917 F.2d 215, 220 (6th Cir. 1990) (citing *United States v. Dinitz,* 424 U.S. 600, 609–10 (1976)). As part of this inquiry, a court is to determine whether the trial was rendered unfair due to the alleged error. *Id.* (citing *United States v. Atisha*, 804 F.2d 920, 926 (6th Cir. 1986).

Here, the apparent error is unclear.  As established above, where a prosecutor substantially interferes with a witness such that their free will is overridden and they choose not to testify, error is clear.  *See Foster*, 128 F.3d at 953.  In this case, the only relevant conduct by the Government was to notify the Court and Ms. Stormbringer's attorney of the potential that she was going to commit perjury.  Ms. Stormbringer's independent attorney then requested the break in testimony in order that he could consult with his client.  After the break, the Government acknowledged to Ms. Stormbringer that she sought to correct her testimony only after consultation with her attorney.  However, the Government did not directly warn Ms. Stormbringer that she was at risk of perjury, and the brief questioning on the matter certainly did not rise the level of a threat.  *See United States v. Serrano*, 406 F.3d 1208, 1216 (10th Cir. 2005).  Moreover, to this point, her independent attorney was clear that he was the only one to interact with her during the break in testimony.

On the record, it is true that the opportunity provided to Ms. Stormbringer to consult with her attorney may have, in the end, negatively affected the Defendant's case.  This established, regardless of the potential effect on the Defendant, the right of a defendant to present their version of the facts certainly does not extend to prevent a potentially compromised witness from consulting with an attorney before proceeding further.  Indeed, other courts to consider the issue have noted that "[t]he potential for unconstitutional coercion by a *government actor* significantly diminishes . . . if a . . . witness elects not to testify after consulting an independent attorney." *Serrano*, 406 F.3d at 1216 (citation omitted) (emphasis in original).  In this case, not only did Ms. Stormbringer have the opportunity to consult with her independent attorney, but this consultation is the only instance in which Ms. Stormbringer was directly warned of the risk of perjury.

4

**III**

The Court is mindful to guard against the potential use of coercive tactics by the Government. However, in this case, there is no evidence that the Government improperly threatened Ms. Stormbringer with a perjury charge. The Government, after consulting with the Court, simply allowed her to consult with an attorney when, objectively, the risk of perjury became apparent. The Defendant was not improperly prejudiced by this careful and considered course of action. The second oral motion for mistrial was properly denied.

This the 25th day of February, 2020.

Gregory F. Van Tatenhove
United States District Judge