UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Crim. No. 5:19-cr-00108-GFVT-MAS |
| V. ) | |
| ) | |
| TIMOTHY WAYNE WELLMAN, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendant. ) | **ORDER** |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on two housekeeping matters. Trial in this case concluded the evening of Monday, February 24. [*See* R. 67.] The Court is now in receipt of a preliminary draft of the trial transcript and, on review of the record, has identified two issues that arose during trial that were not fully put to rest: the first concerns a laptop for use during jury deliberations, and the second concerns a motion for mistrial made during closing arguments. In the interest of completeness, and in advance of any potential post-verdict motions, the Court will now address these matters.

**I**

First, the Court will briefly address the laptop issue. Beginning on the second day of trial, the parties and the Court discussed the proper procedure to make a laptop available during jury deliberations, in order that the jury could play audio recordings admitted into evidence, if necessary. During the course of trial, the Government secured a "clean" laptop from the Clerk's Office at the Lexington federal courthouse for this purpose. As this laptop is designated for use by Criminal Justice Act (CJA) attorneys, the Court indicated that, technically, an Order needed

to be entered to clarify that the laptop could be used for purposes of jury deliberations. To this end, the Government made an oral motion for use of the CJA laptop, which Defendant did not oppose. The Court now officially **GRANTS** that motion.

## II

Second, the Court will address the third oral motion for mistrial by Defendant, made on the fifth and final day of trial. On the third day of trial, the Government elicited testimony from one of its witnesses, Buddy Stone, in which he acknowledged that Mr. Wellman previously asked him to sign a statement which falsely claimed that a check from Mr. Wellman to Mr. Stone was a loan, not a reimbursement. The Government's summary of this evidence during its closing argument gave rise to the mistrial motion from defense counsel.

During closing argument, when recounting Mr. Wellman's actions concerning the alleged false statement signed by Mr. Stone, counsel for the Government noted that the false statement was never introduced into evidence because "they," meaning defense counsel, "decided not to bring it out." Defense counsel asked to approach at that time and moved for mistrial. As grounds for this motion, defense counsel argued that the Government's statement concerning defense counsel's decision not to introduce the alleged signed false statement put an evidentiary obligation on the defense team that "we do not have." The Court took the motion under advisement at that time and allowed closing arguments to continue but, notably, not before reminding the Government that "it might be a good time for the Government to remind the jury that the defense has no burden in this case." Upon continuing, the Government did just that.

A mistrial is proper only when a seriously prejudicial error occurs. *United States v. Moore*, 917 F.2d 215, 220 (6th Cir. 1990) (citing *United States v. Dinitz,* 424 U.S. 600, 609–10 (1976). The Government's statement during its closing argument does not amount to seriously

prejudicial error. Generally, "a prosecutor may comment on a defendant's failure to call a witness or to otherwise present exculpatory evidence so long as the comment was not manifestly intended or was not of such character that the jury would necessarily take it to be a comment on the defendant's failure to testify." *United States v. Peck*, 62 F. App'x 561, 569 (6th Cir. 2003) (citing *United States v. Ursery,* 109 F.3d 1129, 1134 (6th Cir. 1997)). Here, there is no assertion that the prosecutor "manifestly intended" the remark to be a comment on Mr. Wellman's failure to testify, nor was the comment of the nature that a jury would "necessarily take it to be a comment on the defendant's failure to testify." *Peck*, 62 F. App'x at 569. Moreover, to the extent that there was any perceptible error, it was rectified when the Government immediately reminded the jury that Defendant had no burden to introduce evidence following the conference at the bench. Accordingly, Defendant's third oral motion for mistrial is **DENIED.**

This the 11th day of March, 2020.

Gregory F. Van Tatenhove
United States District Judge